UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TARI FISK,

                             Plaintiff,

    - against -                                            3:09-CV-00218 (LEK/GHL)

MICHAEL J. ASTRUE, as Commissioner
of the Social Security Administration,

                             Defendant.

_____

## DECISION and ORDER

**I.   INTRODUCTION**

Presently before the Court is a Motion for attorney's fees pursuant to Section 204, Subsection 2412(b) of the Equal Access to Justice Act ("EAJA") (28 U.S.C. § 2412). Dkt. No. 24 ("Motion").

**II.   BACKGROUND**

On February 23, 2009, Plaintiff Tari Fisk ("Plaintiff") filed a Complaint seeking review of a decision by the Commissioner of Social Security, Michael J. Astrue ("Defendant"), denying Plaintiff's Application for Social Security Disability Insurance and Supplemental Social Security Income based on Defendant's assertion that Plaintiff was not disabled and not entitled to SSD or SSI. Dkt. No. 1 ("Complaint"). On June 2, 2009, Defendant filed an Answer arguing that the Commissioner's findings were based on substantial evidence and were conclusive. Dkt. No. 12 at ¶ 10. Subsequently, Plaintiff submitted a Brief in support of their position. Dkt. No. 15.

On January 19, 2010, the Court reversed Defendant's determination. Dkt. No. 21. On February 12, 2010, Plaintiff filed a Motion for attorney's fees under the EAJA seeking $7,500. Dkt. No. 22. Plaintiff's Motion was granted and judgement for payment of $7,500 was awarded to Plaintiff on

February 16, 2010. Dkt. No. 23. Currently before the Court is Plaintiff's February 2, 2012 Motion for an award of additional attorney's fees under 42 U.S.C. § 406(b) in the amount of $11,359.40 for Plaintiff's past-due benefits. Dkt. No. 24 ("Motion"). Defendant did not oppose the fee request, but did raise an issue regarding Plaintiff's request for reimbursement of expenses. Dkt. No. 26 ("Response"). Defendant noted that Plaintiff did not *previously* seek an expense reimbursement under the EAJA and that courts have held such an initial omission to be a factor in determining a reasonable fee under 42 U.S.C. § 406(b). Plaintiff responded with a Motion to amend the first Motion for fees, withdrawing her request for expense costs. Dkt. No. 27 ("Motion to Amend"). Defendant did not oppose the amendment. See Dkt. No. 28.

## III.   STANDARD OF REVIEW

The EAJA provides, in relevant part, that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Additionally, under § 406(b)(1) of the Social Security Act ("SSA"), a court will grant attorney's fees where the following three elements are satisfied: "(1) a judgment in favor of the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits rewarded to the claimant." Kazanjian v. Astrue, No. 09 civ. 3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011); see also 42 U.S.C. § 406(b)(1)(A). Section 406(b) further requires that the district court review the reasonableness of the requested fee. See Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

In order to determine the reasonableness of an award under § 406(b), "courts have considered

2

numerous factors, including: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." Kazanjian, 2011 WL 2847439, at *1.  However, in the SSA context, "the best indicator of the 'reasonableness' of a contingency fee . . . is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells, 907 F.2d at 371.  Thus, in an SSA case in which there is a contingency fee agreement, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Id.

## IV.    DISCUSSION

The prevailing party in a civil action brought by or against the United States or an agency or official of the United States may be awarded reasonable fees and expenses of attorneys.  28 U.S.C. § 2412(a)-(b).  A court will award a prevailing party, other than the United States, fees and other expenses absent the court's finding that the government's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  The Northern District of New York has held that in order for a party to prevail, she must have succeeded on a significant issue in the litigation.  Flanders v. Shalala, No. 91-CV-337, 1994 WL 329482, at *3 (N.D.N.Y. July 1, 1994).  Where the district court remands the decision under sentence four of 28 U.S.C. § 405(g), the plaintiff is considered a prevailing party.  Id.  Finally, Defendant has not objected to this fee request, and the Court finds no evidence to suggest either that Defendant's position was substantially justified or that an award of fees would be unjust.  See generally Dkt.

3

Plaintiff's counsel seeks an award of attorney's fees of $11,048.50 for 51.8 hours of work rendered on behalf of Plaintiff. Mot. to Am. The requested award is in accordance with the fee agreement signed and executed by Plaintiff on January 11, 2010. Dkt. No. 27-3 ("Exhibit B").

A court has "broad discretion" to determine what is reasonable and need not scrutinize each individual action for the reimbursement sought. See Aston v. Sec'y of Health & Human Servs., 808 F.2d 9, 12 (2d Cir. 1986). In the Northern District of New York, courts have found that a reasonable time to litigate a routine social security case ranges from twenty to forty hours. Harvey v. Astrue, No. 09-CV-00020, 2011 WL 2081812, at *2 (N.D.N.Y. May 26, 2011). The amount of attorney's fees is to "be determined on the facts of each case." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Important factors considered by courts include the overall relief provided to the plaintiff relative to the hours spent on litigation and an examination of the itemized bill. Ferguson v. Apfel, No. Civ. A. CV-98-3728, 2000 WL 709018, at *2 (E.D.N.Y. April 17, 2000) (quoting Hensley, 461 U.S. at 435).

Defendant has filed a Response to Plaintiff's Amended Motion for attorneys' fees and has no objections. Dkt. No. 28. After a thorough review of the record, the Court finds Plaintiff's requested fee award to be reasonable, in all respects, and therefore awards a fee in the amount of $11,048.50.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 27) to amend her Motion (Dkt. No. 24) for attorney's fees is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 24) for attorney's fees as amended by her Motion (Dkt. No. 27) to amend is **GRANTED**; and it is further

**ORDERED**, that Plaintiff is awarded $11,048.50 in attorney's fees pursuant to 42 U.S.C.

406(b); and it is further

> **ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.
>
> **IT IS SO ORDERED**.

DATED:   November 14, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge